John L. ZELEK, Appellant–Plaintiff,

v.

Kathy JANKOWSKI, et al.,
Appellees–Defendants.

No. 64A03–9203–CV–92.

Court of Appeals of Indiana,
Third District.

Aug. 31, 1992.

Walter E. Melion, Valparaiso, for appellant-plaintiff.

Roger T. Moore, Law Office of Roger T. Moore, P.C., Portage, for appellees-defendants.

HOFFMAN, Judge.

Appellant-plaintiff John L. Zelek appeals the trial court's dismissal of his will contest.

 Appellant requests this Court to overturn the trial court's dismissal of his complaint to contest Anna Zelek's will and codicil due to the fact that he did not post bond, as ordered by the trial court, in the amount of $2,500.00.[1] Appellant complains that the trial court set the $2,500.00 bond based upon anticipated executor-defendant's attorney's fees in defense of the will contest.

IND.CODE § 29-1-7-19 (1988 Ed.) governs a plaintiff's bond in a contested will proceeding:

"At the time of filing his verified complaint, as provided by section 17 of this chapter, the plaintiff in said action, or some other person in his behalf, *shall* file a bond, with sufficient sureties, in such amount as shall be approved by the clerk of the court, conditioned for the *due prosecution of such proceedings and for the payment of all costs* therein in case judgment be rendered against him." (Emphasis added.)

There is no evidence to support the appellant's contention that the trial court set

the $2,500.00 bond based upon anticipated attorney's fees to the executor-defendant. The trial court issued an order setting bond at $2,500.00 without explanation.

Furthermore, IND.CODE § 29-1-7-19 makes the posting of a bond mandatory for the plaintiff in a will contest. The statute clearly provides that the bond posted is to compensate for due prosecution of the will contest proceedings and for payment of all costs if the contestant of the will should not prevail. The trial court did not abuse its discretion in setting bond at $2,500.00. This is not an unreasonable amount to cover the costs and any damages incurred from a failure to timely and faithfully pursue the action.

Affirmed.

STATON and SULLIVAN, JJ., concur.

---

1. This Court would note that appellant's record of proceedings does not comply with appellate procedure. Appellant failed to provide an appropriate cover to the record, Ind. Appellate Rule 7.1(A); a piece of typing paper was used as the cover. Furthermore, appellant did not file a separate table of contents nor did he insert a table of contents at the front of the record of proceedings. App.R. 7.1(A) and (C). In spite of appellant's noncompliance, the merits of the appeal will be addressed.