**Peggy WILEY, Appellant–Plaintiff,**

v.

**Doris Mae McSHANE, as Personal Representative of the Estate of Martha Ellen Wiley, deceased; Doris Mae McShane, individually; and Fred Eugene McShane, Appellees–Defendants.**

No. 64A05–0702–CV–109.

Court of Appeals of Indiana.

Oct. 22, 2007.

Jeffrey Wrage, Richard J. Rupcich, Blachly, Tabor, Bozik & Hartman, Valparaiso, IN, Attorneys for Appellant.

Steven W. Handlon, Margaret A. Williford, Handlon & Handlon, Portage, IN, Attorneys for Appellees.

## OPINION

KIRSCH, Judge.

Peggy Wiley appeals the trial court's order that required her to file a bond, pursuant to IC 29–1–7–19, after she filed a complaint challenging the validity of her deceased mother's last will and testament. She raises five issues, but we find the following restated issue dispositive: whether the trial court abused its discretion when it set the will contest bond at $75,000.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Wiley, a long-time Texas resident, is the daughter of decedent Martha Ellen Wiley ("Martha"), who was a resident of Porter County, Indiana at the time of her death on October 5, 2005.[1] Martha's Last Will and Testament ("Will"), dated February 4, 2003, devised all her property to her sister, Doris McShane ("McShane"), and her husband, Fred McShane. Martha's Will named McShane as the Personal Representative and stated that Wiley should "inherit nothing under any circumstances." *Appellant's App.* at 21.

On October 12, 2005, McShane opened Martha's estate ("Estate"), which was unsupervised according to the Will's terms. The Estate was worth approximately $1,200,000, consisting primarily of two parcels of real estate: Martha's residence and seventy acres of property adjacent to the home.

On January 9, 2006, Wiley timely filed her complaint to set aside the probate of

---

1. Martha's husband was Wiley's father and preceded Martha in death.

the will ("will contest") challenging the validity of the Will.[2] A couple of weeks later, Wiley moved for supervised administration of the Estate, which the court granted. On January 31, 2006, the Estate filed a motion to compel the filing of a bond as required by IC 29–1–7–19. That statute states:

> At the time of filing a verified complaint under section 17 of this chapter, the plaintiff in the action, or some other person on the plaintiff's behalf, shall file a bond with sufficient sureties in an amount approved by the court, conditioned for the due prosecution of the proceedings and for the payment of all costs if in the proceedings judgment is rendered against the plaintiff.

On February 15, 2006, the trial court held a hearing on the contested issue of the bond amount. The trial court admitted, without objection, the Estate's demonstrative exhibit itemizing expected expenses stemming from Wiley's will contest in the amount of $279,850, consisting of inheritance tax penalties, loss of tax prepayment discount, deposition and expert witness fees, court reporter charges, medical records production, attorney fees, and $192,000 caused by the "delay" in the probate proceedings. *Appellant's App.* at 56–58. In her post-hearing brief on the issue, Wiley asked the trial court to set bond at $2,500. On May 1, 2006, the trial court issued an order setting the bond at $75,000 and ordering that it be posted on or before May 30, 2006.

On May 22, 2006, Wiley filed a motion to correct error, arguing that the bond amount was unreasonable and unconstitutional and that the $75,000 exceeded "costs" allowed by Indiana law. *Id.* at 82. Her motion was later deemed denied.

Ind. Trial Rule 53.3. On July 18, 2006, Wiley filed a notice of appeal; however, after various motions, this court dismissed her appeal without prejudice on January 7, 2007 on the basis that her appeal was interlocutory in nature and was not properly certified by the trial court.

Following a hearing on February 7, 2007, the trial court entered an agreed order dismissing Wiley's will contest for failure to file a bond. Finding there was no just reason for delay and that the dismissal constituted a final judgment between the parties, the trial court entered judgment for the Estate. Wiley now appeals.

## DISCUSSION AND DECISION

■ The posting of a bond is mandatory for the plaintiff in a will contest. IC 29–1–7–19; *Zelek v. Jankowski*, 598 N.E.2d 596, 597 (Ind.Ct.App.1992), *trans. denied.* Specifically, IC 29–1–7–19 requires the plaintiff in a will contest to file a bond "with sufficient sureties in an amount approved by the court, conditioned for the due prosecution of the proceedings and for payment of all costs if in the proceedings judgment is rendered against the plaintiff." Although it is not a jurisdictional prerequisite, failure to file a bond in a will contest may result in dismissal of will contest proceedings. *Harper v. Boyce*, 809 N.E.2d 344, 348–49 (Ind.Ct.App.2004); *Zelek*, 598 N.E.2d at 597.

■ The amount of the bond is to be determined by the trial court. *See Zelek*, 598 N.E.2d at 597; 4 Daniel R. Gordon et al., *Henry's Indiana Probate Law and Practice* § 30.14 at 30–110.2 (2007). We review its decision for an abuse of discretion. *Zelek*, 598 N.E.2d at 597. In this

2. Wiley named as defendants in her will contest McShane, as personal representative of the Estate, as well as Doris and Fred McShane individually. For simplicity, we will collectively refer to the defendants as "the Estate."

case, no one disputes that Wiley was required to file a bond. The contested issue is whether the $75,000 bond ordered by the trial court was unreasonable and an abuse of discretion.[3]

Here, the only evidence before the trial court when it set the bond at $75,000 was the Estate's demonstrative exhibit that listed "estimated costs to be incurred by the Estate as a result of and during the Will contest" totaling $279,850, which included: $10,500 in deposition fees for twelve to eighteen physicians and expert witnesses; $7,500 in court reporter transcription charges; $4,000 in expert witness fees; $5,250 for acquiring, copying, and translating medical records; $41,000 related to late payment of inheritance taxes; $30,000 in attorney fees; and a $192,000 loss to the Estate due to the "delay" caused by the will contest. *Appellant's App.* at 56–58. The Estate urges that considering "the magnitude of the damages the Estate was likely to suffer," a bond of $75,000 was "clearly reasonable." *Appellee's Br.* at 9. After careful consideration, we disagree.

█ IC 29–1–7–17 allows any interested person to contest the validity of any will in the court having jurisdiction over the probate of the will within three months after the date of the order admitting the will to probate. However, at the time of filing of the complaint under section 17, the plaintiff or some person on the plaintiff's behalf must file a bond for the payment of all costs if in the proceedings judgment is rendered against the plaintiff. IC 29–1–7–19. The bond under section 19 must be in an amount approved by the court and conditioned (1) for the due prosecution of the proceedings and (2) for the payment of all costs.

█ In Indiana, "costs" is a term of art with specific legal meaning. *Van Winkle v. Nash,* 761 N.E.2d 856, 861 (Ind.Ct. App.2002) (interpreting "costs" in the context of civil personal injury action). "Costs" include only filing fees and statutory witness fees.[4] *Id.* " 'In the absence of manifest contrary legislative intent, the term 'costs' must be given its accepted meaning, which does not include litigation expenses.' " *Id.* (quoting *Midland–Guardian Co. v. United Consumers Club, Inc.,* 499 N.E.2d 792, 800 (Ind.Ct.App.1986), *trans. denied* (1987)). Thus, "costs" does not include items such as deposition transcription, acquisition of medical records, and photocopies. *Id.* Nor does the term include attorney fees. In fact, our legislature has expressly addressed the matter of attorney fees in a separate probate code statute, IC 29–1–10–14, which allows recovery of attorney fees out of the estate. *See also* 13 I.L.E. *Executors and Administrators* § 102 (2001) (executor who defends or prosecutes will contest in good faith is allowed his necessary expenses and disbursements out of the estate including attorney fees incurred in such proceeding, pursuant to IC 29–1–10–14); 4 *Henry's Indiana Probate Law and Practice* § 30.24 at 30–190 (same, and noting that purpose of IC 29–1–10–14 is to encourage the probating or the resisting of the probate of a will where there is reasonable grounds ... for such proceedings); IC 34–52–1–1 (under general recovery statute, attorney fees not generally recoverable as cost to prevailing party unless court finds party litigated in bad faith or pursued

---

**3.** The trial court's order only set the bond amount and identified the date by which Wiley was to file the bond; it provided no other explanation or reasoning behind its decision.

**4.** Statutory witness fees are five dollars per day plus mileage. IC 33–37–10–3.

frivolous, unreasonable, or groundless claim).

The Estate argues that the second prong of IC 29–1–7–19, concerning "due prosecution," requires a trial court to consider not only costs, but also litigation and delay expenses that an estate might incur as a result of the will contest, should it prove to be unsuccessful. Essentially, its position is that IC 29–1–7–19 is meant to protect an estate from an unmeritorious will contest. However, the Estate provides no authority for this interpretation, nor do we find any. To the contrary, the statute's own terms state that the bond is conditioned on the "due prosecution *of the proceedings* [.]" IC 29–1–7–19. That is, the bond is to ensure the prosecution of the will contest proceedings and for "payment of all costs" if judgment is rendered against the plaintiff in the will contest proceedings.

As the parties have acknowledged in their respective briefs, there is little Indiana case law to guide us on the issue; however, that which exists appears in accord with our decision today. In *Zelek*, this court addressed the propriety of the trial court's dismissal of a will contest for failure to post a bond as ordered by the trial court in the amount of $2,500. 598 N.E.2d at 597. The plaintiff in the will contest argued that the trial court set the $2,500 bond based upon anticipated attorney fees in defense of the will contest. *Id.* As was the case here, the trial court issued an order setting the bond "without explanation." *Id.* Accordingly, we found that there was no evidence to support the claim that the $2,500 bond was based upon antic-

ipated attorney fees and concluded that $2,500 was "not an unreasonable amount to cover the costs and any damages incurred from a failure to timely and faithfully pursue the action." *Id.* In affirming the trial court's decision, we observed that IC 29–1–7–19 "clearly provides that the bond posted is to compensate *for due prosecution of the will contest proceedings and for payment of all costs* if the contestant of the will should not prevail." *Id.* (emphasis added). Thus, contrary to the Estate's argument in this case, the bond required under IC 29–1–7–19 is not intended to compensate the Estate for any and all expenses and/or delay losses that it might incur because of an unsuccessful will contest; rather, it is to cover costs. *See* 80 Am.Jur.2d *Wills* § 965 (2002) (observing that will contestant may have to file cost bond or cash deposit for costs to secure payment of whatever costs might accrue); 96 C.J.S. *Wills* § 790 (2001) (under statutes giving court discretion to order security for costs in a will contest, contestant will be required to give such security in a proper case).

IC 29–1–7–19 requires a bond "for the payment of all costs if in the proceedings judgment is rendered against the plaintiff." Had the legislature intended to include litigation expenses and fees in the statute, it could have done so. We will not expand the meaning of the statute beyond its express terms.[5] We remand to the trial court for a cost determination consistent with this opinion for purposes of setting the bond at an amount to compensate for due prosecution of the will contest proceedings and for payment of all costs if

---

5. Indeed, we note the possibility that a broader reading of the statute might run afoul of the "open courts" provision of Article 1, Section 12 of the Indiana Constitution ("All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."), or his right to a jury trial in a civil case as protected by Article 1, Section 20 of the Indiana Constitution ("In all civil cases, the right of trial by jury shall remain inviolate.").

Wiley should not prevail in her will contest.

Reversed and remanded with instructions.

ROBB, J., and BARNES, J., concur.