## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 17 2015, 8:51 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Mark K. Phillips | Eric K. Ayer |
| Mark K. Phillips Law Office, P.C. | Wagoner, Ayer, Hargis & Rudisill, LLP |
| Boonville, Indiana | Rockport, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Estate of:
Genevieve O. Bruce,

Keith Oxley,

*Appellant-Plaintiff,*

v.

Dianna Duncan, et al,

*Appellee-Defendant*

March 17, 2015

Court of Appeals Case No.
87A01-1410-ES-428

Appeal from the Warrick Circuit Court.
The Honorable David O. Kelley, Judge.
Cause No. 87C01-0607-ES-37

**Baker, Judge.**

Keith Oxley appeals the trial court's dismissal of his complaint to contest the will of Genevieve O. Bruce. He argues that the trial court erred when it set bond at the unsubstantiated amount of $25,000. Finding that the trial court set bond at an unreasonable amount, we reverse and remand for the reinstatement of Oxley's complaint.

## Facts

On June 8, 2006, Bruce died testate, leaving her estate to a number of heirs, including her son, Oxley, and her daughter, Dianna Duncan. On July 10, 2006, Duncan filed a petition for probate of will in Bruce's Estate. Duncan was appointed personal representative of the Estate. On October 6, 2006, Oxley filed a petition asking the trial court to issue and approve a bond amount for his complaint to contest the will.[1] On October 30, 2006, Oxley filed an amended complaint to contest the will.

From October 2006 until July 2009, various proceedings took place and continuances were sought and granted. On July 7, 2009, the trial court set a Trial Rule 41(E) hearing for August 11, 2009. Trial was then set for April 27, 2010. From April 27, 2010, until August 6, 2014, several trial dates were scheduled by the trial court and subsequently vacated at the request of the parties.

---

[1] The CCS report is unclear as to the trial court's response to this motion.

On August 6, 2014, Duncan, as personal representative of the Estate, filed a motion to require Oxley to file a bond with sufficient sureties for prosecution of the proceedings and for the payment of all costs if judgment was rendered against him. On August 13, 2014, the trial court set the bond at $25,000. On August 27, 2014, Oxley filed a motion to post a property bond in lieu of the $25,000. On September 3, 2014, the trial court denied the motion, finding that it was not filed in the "form required by statute for a property bond." Appellant's App. p. 27. The trial court then dismissed the will contest action on September 3, 2014, citing Oxley's failure to file a bond.

On September 9, 2014, Oxley filed a motion to reconsider. Duncan filed her opposition to the motion on September 16, 2014. On September 19, 2014, Oxley filed a notice to the trial court that the $25,000 bond would be posted on September 19, 2014. On that date, a $25,000 bond was posted on Oxley's behalf. On September 26, 2014, the trial court confirmed the dismissal of Oxley's action, citing Trial Rule 53.4(B), which provides that a motion to reconsider not ruled upon within five days shall be deemed denied. Oxley now appeals.

## Discussion and Decision

Oxley argues that the $25,000 bond set by the court was unsubstantiated.[2] The amount of the bond is determined by the trial court, and we review that

---

[2] As we find that the issue of the amount of the bond set in this case to be dispositive, we need not address Oxley's arguments regarding the form of the bond or the dismissal of his claim.

determination for an abuse of discretion. *Id.* An abuse of discretion occurs only where the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Gleason v. Bush*, 689 N.E.2d 480, 484 (Ind. Ct. App. 1997). When reviewing a trial court's decision under an abuse of discretion standard, we will affirm if there is any evidence supporting the trial court's decision. *Id.*

[7] Pursuant to Indiana Code section 29-1-7-19, the plaintiff in a will contest is required to post a bond with "sufficient sureties in an amount approved by the court, conditioned for the due prosecution of the proceedings and for the payment of all costs if in the proceedings judgment is rendered against the plaintiff." "Costs" include only filing fees and statutory witness fees. *Wiley v. McShane*, 875 N.E.2d 273, 276 (Ind. Ct. App. 2007). Although the bond is not a jurisdictional prerequisite, failure to file a bond in a will contest may result in the dismissal of the will contest proceedings. *Id.* at 275.

[8] Oxley maintains that there is no evidence supporting the trial court's decision, and claims that the trial court cited no reason for setting bond at $25,000. He argues that the trial court provides no explanation for the amount, that the amount is unreasonable, and that it runs afoul of Indiana Code section 29-1-7-19.

[9] We are obliged to agree with Oxley. This Court has explicitly found that the amount of the bond to be issued under Indiana Code section 29-1-7-19 includes only "filing fees and statutory witness fees." *Wiley*, 875 N.E.2d at 276. Indeed,

in *Wiley*, we further explained that "'costs' does not include items such as deposition transcription, acquisition of medical records, and photocopies. Nor does the term include attorney fees." *Id*. at 276. We cannot rationalize, without more explanation from the trial court, $25,000 as representing the amount of filing fees and statutory witness fees, and there is no indication in the record that these costs will total anywhere near this amount. *Cf. Zelek v. Jankowski*, 598 N.E.2d 596 (finding that the trial court did not abuse its discretion in setting a $2,500 bond). Therefore, we conclude that the trial court erred when it set bond at $25,000, and we remand this case with instructions to reinstate Oxley's claim and to evaluate costs and set bond at an amount consistent with this opinion.

[10] Reversed and remanded.

Najam, J., and Friedlander, J., concur.