**Paul DAURER, Appellant–Plaintiff,**

**v.**

**Sue E. MALLON and Rex Keller, Appellees–Defendants.**

**No. 46A03–9203–CV–00090.**

Court of Appeals of Indiana, Third District.

Aug. 10, 1992.

Rehearing Denied Sept. 21, 1992.

---

**1.** For a comparison of cases dealing with this precise issue, *see* Annot., 51 ALR4th 602 (1987 & Supp.1991).

Stephen A. Kray, LaPorte, for appellant-plaintiff.

Martin D. Hoke, Rita J. Baldwin, Knight, Hoppe, Fanning & Knight, Ltd., Schererville, for Rex Keller.

HOFFMAN, Judge.

Appellant-plaintiff Paul Daurer appeals the trial court's entry of summary judg-

ment in favor of appellee-defendant Rex Keller.

The facts relevant to the appeal disclose that on December 11, 1989, the Michigan City police department dispatched Officer Rex Keller to the home of Paul Daurer to preserve the peace and protect Sue Mallon, Daurer's ex-live-in-girlfriend, from injury while she removed a television set. Mallon was inside the house when Officer Keller arrived, and she let him in after showing him the bill of sale for the television. Daurer's 13–year–old son Steven was also in the house at the time, and he followed Mallon and Keller into the basement where Mallon located the television behind a panelled wall. Steven then telephoned his father who asked to speak with Keller. After Keller explained his presence in the house to Daurer, Daurer hung up the phone. A short time later, Officer Jeff Cuma contacted Keller and instructed him to leave the house. Keller immediately left the house but remained on the front porch until Mallon came out with the television. Keller left the scene after verifying the serial number on the television with the bill of sale.

On March 13, 1990, Daurer filed a complaint against Mallon and Keller for trespass and breach of contract.[1] Keller filed a motion for summary judgment on October 31, 1990, which the trial court granted on January 17, 1991, finding that Keller was acting within the scope of his employment as a police officer and not as an individual. On February 22, 1991, Keller filed a motion for attorney's fees. The court held a hearing on the motion and determined that Keller was entitled to attorney's fees because the complaint filed against him in his individual capacity was unreasonable. The court then held a hearing on the amount of attorney's fees, and on November 22, 1991, awarded Keller $2,558.15 in fees and costs. Daurer filed his praecipe for appeal on December 9, 1991.

---

1. Daurer sued Keller in his individual capacity, not in his capacity as a Michigan City police · officer.

Daurer's first claim on appeal is that the trial court erred in entering summary judgment in favor of Keller; however, Daurer did not file his praecipe within 30 days of the court's entry. Rather, he waited until the court had issued its order on Keller's motion for attorney's fees before filing the praecipe. If, as Keller argues, the court's entry of summary judgment was a final appealable order, Daurer has lost his right to appeal this issue due to the untimely filing of his praecipe. *See* Ind. Appellate Rule 2(A).

■ In its findings of fact and conclusions of law granting summary judgment, the court made the following statement:

"WHEREFORE IT IS ORDERED, ADJUDGED, AND DECREED that the Court grants Summary Judgment to the defendant Rex Keller and further orders that he be dismissed with prejudice as a party defendant."

The court clearly adjudicated the dismissal of Keller from the case, and as the dismissal leaves nothing for the court to resolve with respect to Keller, the court's judgment was a final one. *See Hudgins v. McAtee* (1992), Ind.App., 596 N.E.2d 286. Consequently, Daurer's failure to file his praecipe within the required time period necessitates the dismissal of his appeal as to the summary judgment. *Swain v. Swain* (1991), Ind.App., 565 N.E.2d 1134, 1135.

■ Next, Daurer contends the trial court erred in assessing attorney's fees against his attorney because his attorney was not a party to the action. In its order granting attorney's fees, the court found Daurer's complaint against Keller as an individual rather than a police officer unreasonable under IND. CODE § 34-1-32-1 which provides in pertinent part:

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless...."

As Keller notes, this Court has found it within the power of trial courts to hold nonparty attorneys financially liable for their acts. *See Owen v. Vaughn* (1985), Ind. App., 479 N.E.2d 83, 88. The trial court, therefore, did not err in assessing attorney's fees against Daurer's attorney.

■ Daurer also alleges that the trial court erred in awarding attorney's fees to Keller because Michigan City, his employer, paid for his defense through its liability insurance carrier. However, in *Beeson v. Christian* (1992), Ind., 594 N.E.2d 441, our Supreme Court affirmed an award of appellate attorney's fees to a party whose attorney did not charge her for work done on her appeal. Although the *Beeson* court relied upon the public policy of allowing equal access to the courts for those with limited means, this Court finds *Beeson* sufficiently analogous to the instant case to allow the award of attorney's fees.

■ Daurer further maintains the trial court erred in awarding attorney's fees to Keller because the court did not address the fee issue in its order granting summary judgment.[2] However, as Keller notes, in *Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164, *adopted* (1989), Ind., 543 N.E.2d 627, this Court reviewed an award of attorney's fees even though the party requesting the fees filed his motion after being dismissed from the case. *Id.* at 166. In accordance with *Kahn*, we find no error on the part of the trial court in addressing the fee issue after its entry of summary judgment.

■ Daurer also claims the trial court relied upon inadmissible hearsay evidence in awarding attorney's fees to Keller. Approximately one week prior to the hearing on the amount of attorney's fees, Keller filed the affidavits of the attorneys who had worked on his case and the bookkeeping supervisor for the law firm. Contrary to Daurer's claim, the affiants had personal knowledge of the fee matters to which they attested in their affidavits, and they were qualified to testify as to those

2. Keller requested costs and attorney's fees in his motion for summary judgment, then he filed a motion for attorney's fees after the court's entry of summary judgment.

matters. *See Lee v. Schroeder* (1988), Ind. App., 529 N.E.2d 349, 352. Moreover, the affidavits set out fees and costs in an amount in excess of $8,000.00, but the court awarded only $2,558.15 in fees and costs. The trial court did not rely upon inadmissible hearsay evidence in awarding attorney's fees to Keller.

Lastly, Daurer asks this Court to consider the interrelationship between the attorney's fees and summary judgment issues and remand for a full trial on the merits. He also asks this Court to use the "plain error" doctrine to grant him the full relief requested. The court's order granting summary judgment established as a fact that Keller was acting within the scope of his employment as a police officer and not as an individual when he went to Daurer's residence. Daurer's filing suit against Keller as an individual was merely an attempt to circumvent the notice provisions of the Tort Claims Act with which he failed to comply.[3] The judgment of the trial court is affirmed.

Affirmed.

STATON and ROBERTSON, JJ., concur.

---

**3.** According to IND.CODE § 34–4–16.5–7(a), tort claims against a political subdivision are barred unless proper notice is given within 180 days.