FILED

Dec 12 2018, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

William A. Ramsey
Barrett McNagny LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Adam L. Bartrom
Mark D. Scudder
Barnes & Thornburg LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kelly Sickafoose,<br>*Appellant,*<br><br>v.<br><br>Mary Beery, Auditor of Adams County,<br>*Appellee.* | December 12, 2018<br><br>Court of Appeals Case No.<br>18A-MI-1549<br><br>Appeal from the Adams Superior Court<br><br>The Honorable Kenton Kiracofe,<br>Special Judge<br><br>Trial Court Cause No.<br>01D01-1706-MI-29 |

**Bradford, Judge.**

# Case Summary

[1] This appeal stems from a controversy arising out of the Adams County Drug Court. Presiding Judge Patrick Miller initiated a lawsuit against Adams County Auditor Mary Beery ("the Auditor") and, on June 7, 2017, ordered her to make certain tax and retirement benefit payments in connection to the employment of Drug Court Coordinator Kelly Sickafoose. The Auditor made the payments at issue in July of 2017. Despite the Auditor having made full payment, in August of 2017, Sickafoose moved for a rule to show cause, alleging that the Auditor was in contempt of the June 7, 2017 order. The trial court denied Sickafoose's motion and awarded attorney's fees in favor of the Auditor. Sickafoose challenges these orders on appeal.

[2] Upon review, we conclude that any possible contempt by the Auditor was cured by payment of the funds at issue. Further, because Sickafoose filed numerous motions after payment was made despite knowing that she was not a party to the lawsuit, we agree with the trial court's determination that Sickafoose's filings were frivolous. We therefore conclude that the trial court did not err in denying Sickafoose's motion for rule to show cause, granting the Auditor's motion to dismiss, and awarding $16,463.50 in attorney's fees to the Auditor. In addition, because we find this appeal to be frivolous, we conclude that an award of appellate attorney's fees is warranted, and we remand to the trial court for a determination of the amount of appellate fees that should be awarded to the Auditor.

# Facts and Procedural History

[3] Judge Miller is the judge of the Adams County Superior Court and presiding judge of the drug court. In 2016, Judge Miller hired Sickafoose as an independent contractor to be the Drug Court Coordinator.

[4] Sickafoose was paid for work completed in 2016 as an independent contractor and was provided with an IRS form indicating such status. In early 2017, Judge Miller resolved that Sickafoose should no longer be an independent contractor but rather an employee of the court. The Adams County Board of Commissioners approved Sickafoose's employment in March of 2017. After Sickafoose was hired as an employee of the court, a dispute arose between Judge Miller and Sickafoose and the Adams County Board of Commissioners, County Council, Auditor's Office, and Auditor (collectively, "the County") regarding retroactive application of employee status. Specifically, Judge Miller and Sickafoose wanted the County to treat Sickafoose's hire date as the day she began providing services as an independent contractor and to make retroactive tax and retirement benefits payments on her behalf. After the County rejected this request, Judge Miller initiated the underlying lawsuit against the Auditor over which he initially presided.

[5] On June 7, 2017, Judge Miller ordered the Auditor to pay certain tax and retirement benefits within forty-eight hours. The order covered payment of

FICA and FICE taxes[1] (collectively, "the federal taxes") and PERF[2] benefits for the period of October 1, 2016, through March 3, 2017. The claims were "in the nature of payroll" and were to be made for the benefit of the "Adams Superior Court/Adams County Drug Court Coordinator." Appellant's App. Vol. II p. 27. Judge Miller held that failure to comply with the order "will subject the Auditor … to indirect criminal contempt proceeding[s] including the possibility of fines, incarceration or both." Appellant's App. Vol. II p. 28.

[6] The next day, the Auditor filed a motion to vacate Judge Miller's order, arguing that as the plaintiff to the action, Judge Miller did not have jurisdiction to issue the order. On June 9, 2017, the Auditor filed a petition for an emergency writ of mandamus and prohibition with the Indiana Supreme Court. That same day, the Supreme Court issued an emergency writ and ordered Judge Miller to stay the proceedings pending its review of the Auditor's petition. On June 29, 2017, the Supreme Court denied the Auditor's request for a permanent writ and dissolved the previously-issued emergency writ. Judge Miller then issued an order lifting the stay.[3] At some point, Sickafoose filed an appearance as an "Interested Party." Appellant's App. Vol. II p. 74.

---

[1] FICA, which stands for the Federal Insurance Contributions Act, requires payment of social security and Medicare taxes. While it is unclear from the record what FICE stands for, counsel for the Auditor "speculate[d] that it refers to Medicare." Appellant's App. Vol. II p. 101.

[2] PERF stands for the Public Employees Retirement Fund.

[3] Judge Miller also denied the Auditor's pending motion to vacate his June 7, 2017 order.

[7] The federal taxes were paid on July 5, 2017. The PERF benefits were paid on July 20, 2017 after Sickafoose's PERF profile was amended to reflect that she was a court employee.[4]

[8] On July 6, 2017, the Auditor moved for a change of judge. Sickafoose, acting as an interested party, submitted a list of acceptable judges to receive the cause of action. Judge Miller granted the Auditor's motion and the Honorable Thomas M. Hakes of the Huntington Circuit Court was ultimately appointed as the special judge.

[9] In August, Sickafoose, again acting as an interested party, moved for a rule to show cause, alleging that the Auditor "appears to be in Indirect Criminal Contempt of Court, as well as in Civil Contempt of Court." Appellant's App. Vol. II p. 80. She further claimed that "As of the date of this motion, [the Auditor] has failed and refused to comply with the Honorable Judge Miller's Order issued June 7, 2017." Appellant's App. Vol. II p. 81. Claiming that Judge Miller's June 7, 2017 order was made for her benefit, Sickafoose requested that Judge Hakes find the Auditor in indirect criminal and civil contempt of the court and order her to "immediately and fully comply with the Order issued by the Honorable Patrick R. Miller on June 7, 2017." Appellant's App. Vol. II p. 82.

---

[4] Sickafoose was also required to pay a portion of the back-PERF benefits, which she paid to the Adams County Treasurer on July 7, 2017.

[10] On September 7, 2017, the Auditor responded to Sickafoose's motion for a rule to show cause, asserting that the motion was moot as the claims at issue had been paid. The Auditor alternatively argued that Sickafoose did not have standing to file the motion as she was not a party to the lawsuit and had not sought to intervene. The Auditor requested that Judge Hakes deny Sickafoose's motion, award attorney's fees to the Auditor, and dismiss the case with prejudice.

[11] The Auditor also contemporaneously moved to dismiss, asserting that the lawsuit had been initiated by Judge Miller for the purpose of ordering the Auditor to make certain retroactive tax and PERF payments in connection to Sickafoose's employment as Drug Court Coordinator. The Auditor further asserted that the order to pay the funds in question was the only component of the lawsuit and that she had "fully complied with the payment and written notification requirements of" Judge Miller's order. Appellant's App. Vol. II p. 84. As such, the Auditor argued that there was "no action left to be taken" in the lawsuit. Appellant's App. Vol. II p. 84.

[12] On September 13, 2017, Judge Miller sent a letter to Judge Hakes requesting that Judge Hakes continue a scheduled pre-trial conference to grant him the opportunity to respond to the Auditor's motion to dismiss and response in opposition to Sickafoose's motion to show cause. In this letter, Judge Miller acknowledged that the Auditor had paid all claims included in the June 7, 2017 order. Counsel for both the Auditor and Sickafoose were copied on Judge Miller's letter.

On September 15, 2017, the Auditor responded to Judge Miller's letter, asserting that because Judge Miller had not requested any relief beyond compliance with his June 7, 2017 order, and she had fully complied with the order, Judge Miller had no pending request for relief. On September 18, 2017, Judge Hakes recused himself and continued the matter until a new Special Judge could be selected. The Honorable Kenton Kiracofe of the Wells County Circuit Court was subsequently appointed Special Judge.

On March 29, 2018, Judge Kiracofe issued an order denying Sickafoose's motion for rule to show cause and granting the Auditor's motion to dismiss. On April 27, 2018, Sickafoose filed a motion to correct error and a motion for a change of judge. Judge Kiracofe denied these motions in an order dated June 7, 2018.

On June 25, 2018, Judge Kiracofe conducted a hearing on the Auditor's request for attorney's fees. Finding that Sickafoose's ongoing litigation was frivolous both because the claims at issue had been paid and Sickafoose lacked standing as she was not a party to the lawsuit, Judge Kiracofe awarded attorney's fees in the amount of $16,463.50 to the Auditor.

# Discussion and Decision

## I. Motion for a Rule to Show Cause

Sickafoose contends that the trial court erred in denying her motion for a rule for the Auditor to show cause why she is not in contempt of court. "It is

soundly within the discretion of the trial court to determine whether a party is in contempt, and we review the judgment under an abuse of discretion standard." *Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016) (internal quotation omitted). "We will reverse a trial court's finding of contempt only if there is no evidence or inference therefrom to support the finding." *Id.* (internal quotation omitted). Sanctions in a contempt proceeding "may seek both to coerce behavior and to compensate an aggrieved party."[5] *MacIntosh v. MacIntosh*, 749 N.E.2d 626, 631 (Ind. Ct. App. 2001), *trans. denied*.

[17]    At the trial court level, Sickafoose repeatedly made the argument that she had standing to participate in the lawsuit because she was an interested party. In making this argument, she did not point to any relevant authority that would support her position. Sickafoose acknowledged that she was not a party to the lawsuit and never sought to intervene[6] in the lawsuit. She merely claimed to be an interested party by way of her position as Drug Court Coordinator. During an exchange with Sickafoose's counsel, the trial court stated

> you continue to maintain that you're an interested party despite the fact … as counsel has pointed out and [as] this Court has also affirmed, there's – there is no such status as an interested party – um – it doesn't exist. Um – I think to allow that, to continue in that way, opens up a host of problems, and the – and the trial rules are clear – … the trial rules provide for a way for someone

---

[5] At the outset, we note that even if Sickafoose was a proper party, we cannot see how the Auditor could have been found in contempt of court given that she had complied with the June 7, 2017 order.

[6] Indiana Trial Rule 24 provides a procedure by which individuals or entities may seek permission to intervene in a lawsuit to which the individual or entity is not a party.

in your client's situation, if they feel that they have an interest at stake in the matter to request the Court to acknowledge them and to recognize them, and you didn't avail yourself of that procedure[.]

Tr. p. 17. The trial court further stated that "the very problem in this case is that, as the Court pointed out in its order of March 29th, there are – there is a mechanism to deal with this very issue [*i.e.*, intervention], and that mechanism was not followed." Tr. p. 16. The trial court denied Sickafoose's motion to show cause, making the following findings:

> 1. Counsel for Kelly Sickafoose filed an appearance as an "interested party." Said term does not exist under the Indiana Trial Rules and counsel does not provide any legal authority for the designation.
> 2. Counsel has not sought intervention as may be allowed under the Indiana Trial Rules.
> 3. The Court finds Kelly Sickafoose is not a party to this matter and, as such, lacks standing to file the Motion for Rule to Show Cause.
> 4. Further, it appears from the Auditor's Motion in Opposition, counsel for Auditor attempted to informally resolve the issue with counsel for Kelly Sickafoose, advising that she lacked standing and that the monies, which were at the heart of the controversy, were paid.

Appellant's App. Vol. II p. 22.

[18] Again, it is undisputed that Sickafoose was not a party to the lawsuit. As the trial court pointed out, Sickafoose could have filed a Trial Rule 24 motion to intervene but chose not to do so. We agree with the trial court's determination

that the Trial Rules do not provide a method by which Sickafoose could insert herself into the proceedings and participate as an "interested party."

[19] Sickafoose claims for the first time on appeal that Indiana Trial Rule 71 grants her standing to join. Generally, arguments not made before the trial court are waived on appeal. *See Fox v. Rice*, 936 N.E.2d 316, 323 (Ind. Ct. App. 2010). Waiver notwithstanding, we conclude that Sickafoose's reliance on Trial Rule 71 is misplaced. Trial Rule 71 provides as follows:

> When an order is made in favor of a person who is not a party to the action, he may enforce obedience to the order by the same process as if he were a party; and, when obedience to an order may be lawfully enforced against a person who is not a party, he is liable to the same process for enforcing obedience to the order as if he were a party.

Even if we were to assume that Judge Miller's June 7, 2017 order was made on Sickafoose's behalf, Trial Rule 71 did not grant Sickafoose standing to participate in an unlimited fashion as if she were a party to the lawsuit. Pursuant to the plain language of the rule, the enforcement powers provided for by Trial Rule 71 extended only so far as to allow Sickafoose to enforce obedience with the June 7, 2017 order. Thus, any enforcement power Sickafoose may have had was extinguished by the Auditor's compliance with Judge Miller's order. The record demonstrates that the Auditor complied with Judge Miller's order in July of 2017. Sickafoose did not file her motion to show cause until August of 2017. As such, by the time Sickafoose filed her motion to

show cause, no enforcement power remained as the funds at issue had been paid.[7]

## II. Attorney's Fees

[20] Sickafoose also contends that the trial court erred by awarding attorney's fees to the Auditor. Indiana Code section 34-52-1-1(b) provides that a trial court may award attorney's fees if it finds that either party litigated the action in bad faith or continued to litigate after the party's claim clearly became frivolous, unreasonable, or groundless.

> A claim is 'frivolous' if it is made primarily to harass or maliciously injure another; if counsel is unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. A claim is 'unreasonable' if, based on the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider the claim justified or worthy of litigation. A claim is groundless if no facts exist which support the legal claim relied on and presented by the losing party.

*BioConvergence, LLC v. Menefee*, 103 N.E.3d 1141, 1161–62 (Ind. Ct. App. 2018) (quotations omitted). The trial court's decision to award attorney's fees under Indiana Code section 34-52-1-1 is subject to a multi-level review: "the findings

---

[7] We are also unpersuaded by Sickafoose's common-law argument and note that while a person may have a personal stake in litigation sufficient to grant them standing if they seek to join the litigation, she must do so in a manner which complies with the Indiana Trial Rules and may not simply create her own procedure for doing so.

of fact are reviewed under the clearly erroneous standard and legal conclusions regarding whether a party litigated in bad faith are reviewed *de novo*." *GEICO Gen. Ins. Co. v. Coyne*, 7 N.E.3d 300, 305 (Ind. Ct. App. 2014) (emphasis in original).

[21] During the June 25, 2018 hearing, the Auditor's counsel argued that the Auditor has "been put in a position where [she] continually [has] to respond to these groundless motions over and over again; and the County of Adams County is – is incurring fees according to that" and it "is undisputed that [an] interested party [designation] does not exist under the rules. [Sickafoose's counsel is] attempting to create a category of litigant that does not exist to anyone else in the State, but he's defiantly and repeatedly trying to take this position; that is unreasonable." Tr. p. 8. Counsel further argued

> And, candidly, your Honor, this case has been egregious from the beginning. This case was initiated by Judge Miller, who, at the time, was the plaintiff when he initiated this. He then, despite being a plaintiff and the sitting judge, issued his own order, which required action by the auditor within forty-eight hours or else face contempt or incarceration. This caused [an] emotional toll on the auditor. This has caused a financial toll on the county.

Tr. p. 9. The trial court accepted the Auditor's position and, in awarding attorney's fees to the Auditor, found as follows:

> 2. As set forth in the March 29, 2018 Order, the Court found Kelly Sickafoose was not a party and lacked standing to file a Motion for Rule to Show Cause. As such, the Court dismissed

summarily Sickafoose's Motion for Rule to Show Cause.

3. After the entry of the Court's Order, Sickafoose, through counsel, continued to file groundless and unreasonable motions. Most notably, a Motion for Change of Judge that was meritless because the Court had previously ruled she was not a party and assuming arguendo she was a party, was belated.

4. At the hearing on June 25, 2018, rather than appearing in a cordial, conciliatory manner, Counsel for Sickafoose chose to attempt to relitigate the issues the Court had previously ruled upon and challenge the jurisdiction of the Court.

5. Moreover, Counsel for Sickafoose conceded that she was not a party to the matter.

6. The Court finds the Auditor of Adams County, ultimately the citizens of Adams County, have incurred total attorney fees of $16,463.50 responding to and defending herself from Sickafoose's frivolous, unreasonable, and groundless argument in this case.

Appellant's App. Vol. II pp. 25–26.

[22]   Given our conclusion that Sickafoose did not have standing to insert herself into the litigation as an "interested party," we conclude that the trial court did not err in finding that Sickafoose's act of making continued filings in the matter, despite knowing that the funds at issue had been paid, she was not a party, and she had not taken the steps necessary to intervene, was unreasonable. Sickafoose's unreasonable actions have cost the citizens of Adams County unnecessary financial resources and warrant an award of attorney's fees to the Auditor.[8]

---

[8] Although awards of attorney's fees are generally imposed upon and awarded to parties to the lawsuit, we have previously concluded that it is within the power of trial courts to hold a non-party financially liable for

[23] Alternatively, Sickafoose contends that the trial court erred in awarding fees incurred in preparing and defending the Auditor's request for fees. "The trial court's decision to award attorney fees and any amount thereof is reviewed for an abuse of discretion." *GEICO*, 7 N.E.3d at 305. "A trial court abuses its discretion if its decision clearly contravenes the logic and effect of the facts and circumstances or if the trial court has misinterpreted the law." *Id.*

[24] Sickafoose challenges $4,978.50 of the $16,463.50 award, arguing that the fees were incurred in relation to the preparation and defense of the Auditor's request for fees. In making this challenge, Sickafoose acknowledges that she "has found no case specifically holding whether attorney fees awarded under [Indiana Code section] 34-52-1-1 may include fees for seeking fees." Appellant's Br. p. 23. She also acknowledges authority indicating that, at least under some circumstances, such an award is permissible. *See* Appellant's Br. p. 23 (acknowledging *Walton v. Claybridge Homeowners Ass'n, Inc.*, 825 N.E.2d 818 (Ind. Ct. App. 2005)). She nevertheless argues that the trial court abused its discretion by including such fees. The Auditor asserts that it "is nonsensical for Sickafoose to acknowledge that she is unaware of any law which prohibits the

his actions. *See generally Daurer v. Mallon*, 597 N.E.2d 334, 336 (Ind. Ct. App. 1992) (providing that it was within the power of the trial court to order a non-party attorney to pay attorney's fees after the attorney filed an unreasonable complaint for trespass against a police officer in the officer's individual capacity when the officer was only at the property in question in his official capacity and during the normal course of his duties as a police officer). The conclusion that a non-party may be ordered to pay attorney's fees is consistent with the rule that under some circumstances, the trial court may award attorney's fees to a non-party. *See Srivastava v. Indpls. Hebrew Congreg., Inc.*, 779 N.E.2d 52, 59 (Ind. Ct. App. 2002) (providing that an award of attorney's fees to a non-party is not inappropriate per se); *see also* Ind. Trial Rule 34 (providing that a trial court may award attorney's fees to a non-party for fees incurred in connection to responding to a request that the non-party provide certain evidence during discovery).

Court from awarding fees to the Auditor for preparing for and participating in the [June 25, 2018] Hearing, yet implies that it 'misinterpreted the law' by doing so." Appellee's Br. p. 26. We agree with the Auditor and conclude that in the absence of relevant authority clearly indicating that it was inappropriate for the trial court to award the fees in question, the trial court did not abuse its discretion by doing so.

## III. Appellate Attorney's Fees

[25] The Auditor seeks to recover attorney's fees for funds expended responding to what it characterizes as a frivolous appeal.

> Indiana Appellate Rule 66(E) provides, in pertinent part, "[t]he Court may assess damages if an appeal ... is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." Our discretion to award attorney fees under Indiana Appellate Rule 66(E) is limited, however, to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Orr v. Turco Mfg. Co., Inc.*, 512 N.E.2d 151, 152 (Ind. 1987). Additionally, while Indiana Appellate Rule 66(E) provides this Court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. *Tioga Pines Living Ctr., Inc. v. Indiana Family and Social Svcs. Admin.*, 760 N.E.2d 1080, 1087 (Ind. Ct. App. 2001), *trans. denied*.

*Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003).

[26] While we are generally reluctant to grant an award of appellate attorney's fees, we conclude that given the specific facts of the case before us, such an award is

warranted. Sickafoose has continued to pursue this matter, at great taxpayer expense, even after her actions had been deemed frivolous. We therefore remand to the trial court for a hearing to determine the appropriate appellate award of the attorney's fees.

[27] The judgment of the trial court is affirmed, and we remand with instructions.

Kirsch, J., concurs.

Bailey, J., dissents with opinion.

Kelly Sickafoose,

*Appellant,*

v.

Mary Beery, Auditor of Adams County,

*Appellee.*

Court of Appeals Case No.
18A-MI-1549

**Bailey, Judge, dissenting.**

[28] This appeal should be dismissed. I cannot join in affirming the award of attorney fees to be paid by Sickafoose to the Auditor pursuant to Indiana Code Section 34-52-1-1(b), which provides that a *party* who has litigated in bad faith may be ordered to pay another party's fees. The reason is simple. Sickafoose, having never availed herself of the Trial Rule 24 avenue for intervention, was not a party in the proceedings below. Consequently, she is not a party-appellant.[9] The appeal is not properly before us.

---

[9] Nor did Sickafoose timely pursue a claim that she had a right to enforce an order for her benefit under Indiana Trial Rule 71. She raised this claim of entitlement for the first time on appeal. If she were a party, this would amount to waiver. *See Fox v. Rice*, 936 N.E.2d 316, 323 (Ind. Ct. App. 2010).

[29] No doubt, Sickafoose's insistence that she be allowed to pursue matters already resolved is a clear example of frivolous litigation that wasted taxpayer resources. The litigation was facilitated by her lawyer in having pursued this course of action although, clearly, the Auditor had complied with the original order.[10] The litigation was entertained by the trial court when even a cursory reading of the trial rules would have revealed the absence of an "interested party" status to be conferred. Nonetheless, all entities involved[11] proceeded as if Sickafoose were a party until taxpayers incurred $16,463.50 in unwarranted attorney's fees.

[30] After the needless waste of judicial resources, with the acquiescence of all of the aforementioned, the trial court decided both that Sickafoose lacked standing and that she could be liable for attorney's fees under Indiana Code section 34-52-1-1(b). It is true, as the majority notes in footnote 8, that a panel of this Court has affirmed an attorney fees order against a nonparty, pursuant to a then-existing statute referencing frivolous litigation by a "party." I.C. 34-1-32-1. *See Daurer v. Mallon*, 597 N.E.2d 334 (Ind. Ct. App. 1992). However, the obligor was a party's attorney, in essence, the party's agent. "[T]his Court has found it within the power of trial courts to hold non-party attorneys financially

---

[10] Indiana Rule of Professional Conduct 3.1 provides in relevant part: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."

[11] I observe that even the Auditor lodged no objection on the basis that the trial court had no jurisdiction to entertain motions by Sickafoose, a non-party.

liable for their acts." *Id.* at 336. Also, in some circumstances, a trial court may award attorney's fees to a non-party. *Srivastava v. Indpls. Hebrew Congreg., Inc.*, 779 N.E.2d 52, 59 (Ind. Ct. App. 2002). However, neither of these cases has application here, where a non-party, non-attorney, devoid of standing, litigated absent restraint by the court or a motion to strike from a party. At no point did the trial court find Sickafoose in contempt, nor did it make a factual finding that she had made a false representation (as was the case in *Srivastava*). The trial court simply permitted nonparty filings with the court and then declared Sickafoose fully liable for the wasted resources, upon the basis of statutory authority applicable to a *party* or a *party's* agent.

[31]     I do not suggest that the Auditor is liable for the entirety of these attorney's fees without recourse. There may have been an abuse of process such that a claim is available for the trial court's consideration and fact-finding. However, we are not positioned to remand the matter with specific instructions, as it is not properly before us. Because Sickafoose was the subject of the litigation but not a party to it, she lacks standing to bring this purported appeal, and I would vote to dismiss.