Bailey, Judge, dissenting.
[28] This appeal should be dismissed. I cannot join in affirming the award of attorney fees to be paid by Sickafoose to the Auditor pursuant to Indiana Code Section 34-52-1-1(b), which provides that a party who has litigated in bad faith may be ordered to pay another party's fees. The reason is simple. Sickafoose, having never availed herself of the Trial Rule 24 avenue for intervention, was not a party in the proceedings below. Consequently, she is not a party-appellant.[9] The appeal is not properly before us.
[29] No doubt, Sickafoose's insistence that she be allowed to pursue matters already resolved is a clear example of frivolous litigation that wasted taxpayer resources. The litigation was facilitated by her lawyer in having pursued this course of action although, clearly, the Auditor had complied with the original order.[10] The litigation was entertained by the trial court when even a cursory reading of the trial rules would have revealed the absence of an "interested party" status to be conferred. Nonetheless, all entities involved[11] proceeded as if Sickafoose were a party *496 until taxpayers incurred $16,463.50 in unwarranted attorney's fees.
[30] After the needless waste of judicial resources, with the acquiescence of all of the aforementioned, the trial court decided both that Sickafoose lacked standing and that she could be liable for attorney's fees under Indiana Code section 34-52-1-1(b). It is true, as the majority notes in footnote 8, that a panel of this Court has affirmed an attorney fees order against a nonparty, pursuant to a then-existing statute referencing frivolous litigation by a "party." I.C. 34-1-32-1. See Daurer v. Mallon , 597 N.E.2d 334 (Ind. Ct. App. 1992). However, the obligor was a party's attorney, in essence, the party's agent. "[T]his Court has found it within the power of trial courts to hold non-party attorneys financially liable for their acts." Id. at 336. Also, in some circumstances, a trial court may award attorney's fees to a non-party. Srivastava v. Indpls. Hebrew Congreg., Inc. , 779 N.E.2d 52, 59 (Ind. Ct. App. 2002). However, neither of these cases has application here, where a non-party, non-attorney, devoid of standing, litigated absent restraint by the court or a motion to strike from a party. At no point did the trial court find Sickafoose in contempt, nor did it make a factual finding that she had made a false representation (as was the case in Srivastava ). The trial court simply permitted nonparty filings with the court and then declared Sickafoose fully liable for the wasted resources, upon the basis of statutory authority applicable to a party or a party's agent.
[31] I do not suggest that the Auditor is liable for the entirety of these attorney's fees without recourse. There may have been an abuse of process such that a claim is available for the trial court's consideration and fact-finding. However, we are not positioned to remand the matter with specific instructions, as it is not properly before us. Because Sickafoose was the subject of the litigation but not a party to it, she lacks standing to bring this purported appeal, and I would vote to dismiss.

Nor did Sickafoose timely pursue a claim that she had a right to enforce an order for her benefit under Indiana Trial Rule 71. She raised this claim of entitlement for the first time on appeal. If she were a party, this would amount to waiver. See Fox v. Rice , 936 N.E.2d 316, 323 (Ind. Ct. App. 2010).

Indiana Rule of Professional Conduct 3.1 provides in relevant part: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."

I observe that even the Auditor lodged no objection on the basis that the trial court had no jurisdiction to entertain motions by Sickafoose, a non-party.