## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 22 2020, 8:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert Holland
Gary, Indiana

ATTORNEYS FOR APPELLEE

Robert J. Dignam
Jessica L. Mullen
O'Neill McFadden & Willett LLP
Schererville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Robert Holland,

*Appellant-Plaintiff*,

v.

Lake County Sheriff's Department, Lake County Sheriff Dominguez, Lake County Sheriff Buncich, Sheriff Deputy Lieutenant Hogan, Sheriff Deputy Corporal Evon Foster, Sheriff Deputy John Doe, Sheriff Deputy Sgt. Montgomery, Sheriff Deputy Sgt. Dorsey, Sheriff Deputy McMillan, Lake County Auditor Peggy Katona, Lake County Treasurer John Patelas, Lake

September 22, 2020

Court of Appeals Case No.
20A-PL-243

Appeal from the Porter Superior Court

The Honorable Mary R. Harper, Judge

Trial Court Cause No.
64D05-1808-PL-7586

County Assessor Hank Adams,
Gary Calumet Township
Assessor Jackie Collins, Lake
County Board of
Commissioners, and Lake
County Municipal Government

*Appellees-Defendants*.

**Brown, Judge.**

[1] Robert Holland, *pro se*, appeals the trial court's orders dated November 25, 2019, December 13, 2018, and August 17, 2018.[1] We affirm.

## *Facts and Procedural History*

[2] We set out some of the relevant facts in a prior appeal:

> On May 28, 2013, Holland, pro se, filed a complaint in the U.S. District Court for the Northern District of Indiana. That court struck Holland's original complaint of 467 pages and allowed him to submit an amended complaint. His amended complaint was forty-five pages long and named twenty-six defendants. Holland alleged that the defendants were part of a vast conspiracy, the purpose of which was to cause injury to him, his business, his profession, and his property. He claimed that, in furtherance of the conspiracy, the defendants had engaged in a pattern of racketeering with the specific purpose of violating his rights. In its opinion, the court quoted from its decision in

---

[1] At the November 25, 2019 hearing, Holland stated: "My name is Robert Mik-El El Farooq, III, formerly known as Robert McLee Holland, III." Transcript Volume II at 4-5.

another of Holland's cases in which it determined that Holland's allegations "'about a vast conspiracy involving his family members, officials from different towns, private hospitals, and multiple state court judges [are] in the vein of "fantastic" or "delusional," warranting dismissal of the complaint as frivolous.'" *Holland v. Lake Cty. Mun. Gov't*, No. 2:13-CV-179-TLS, 2013 WL 5230242, at *3 (N.D. Ind. Sept. 16, 2013) (quoting *Holland v. City of Gary*, No. 2:12-CV-62-TS, 2012 WL 974882, at *3 (N.D. Ind. Mar. 21, 2012)). The court also noted that it had ruled against Holland two additional times in his attempts to sue various combinations of Lake County and Gary officials in federal court. *Holland*, 2013 WL 5230242, at *3 n.2 (citing *Holland v. City of Gary*, No. 2:10-CV-454-PRC (N.D. Ind. filed Nov. 15, 2010) and *Holland v. Lake Cty. Mun. Gov't*, No. 2:13-CV-180-PPS (N.D. Ind. filed May 28, 2013)). Stating that it again found Holland's allegations of a conspiracy to be "in the vein of 'fantastic' or 'delusional,'" the court dismissed Holland's complaint with prejudice as frivolous and noted that many of his claims would be barred on other grounds even if they were not frivolous. *Holland*, 2013 WL 5230242, at *3.

After Cause 2:13-CV-179-TLS was dismissed in the federal court in 2013, Holland filed his complaint in the present case in state court in November 2017.[2] In December, the Lake County Defendants filed a request to remove the case to federal court because it included federal claims. The federal court issued an order dismissing the federal claims without prejudice and remanding the remaining state claims to the state court. In its order, the court stated that Holland cannot litigate in the federal

---

[2] Holland filed the complaint against Lake County Sheriff's Department, Lake County Sheriff Dominguez, Lake County Sheriff Buncich, Sheriff Deputy Lieutenant Hogan, Sheriff Deputy Corporal Evon Foster, Sheriff Deputy John Doe, Sheriff Deputy Sergeant Montgomery, Sheriff Deputy Sergeant Dorsey, Sheriff Deputy McMillan, Lake County Auditor Peggy Katona, Lake County Treasurer John Patelas, Lake County Assessor Hank Adams, Gary Calumet Township Assessor Jackie Collins, Lake County Board of Commissioners, and Lake County Municipal Government. *See Holland v. Lake Cty. Sheriff's Dep't*, No. 19A-PL-117, slip op. at 2 (Ind. Ct. App. November 25, 2019), *trans. denied*.

court because he is "a restricted filer." Federal Court Order in Cause 2:17-CV-456, Appellees' App. Vol. II, pp. 121-22.

After the case was remanded to the state court in Lake County, Holland filed a request for change of venue on January 16, 2018. In the meantime, on January 29, the Lake County Defendants filed a motion to dismiss the action, to which Holland filed a response. In June, the case was venued to Porter County, and, on August 17, the trial court granted the Lake County Defendants' motion to dismiss and ordered the case dismissed with prejudice. On September 17, 2018, Holland filed a motion to set aside the court's order of dismissal, which the court denied on December 13.

*Holland v. Lake Cty. Sheriff's Dep't*, No. 19A-PL-117, slip op. at 3-4 (Ind. Ct. App. November 25, 2019), *trans. denied*.

[3] On November 25, 2019, we held on appeal that Holland failed to show the trial court abused its discretion by denying his motion to set aside. *Id.* at 17. In response to Holland's request for fees pursuant to Ind. Appellate Rule 66(E), we held:

> Incredibly, he "asks this Court to order Defendants to pay [him] attorney fees in causing and contesting this appeal." Appellants' Br. p. 45. His motion requests attorney fees and, in addition to Rule 66(E), cites to several federal and state statutes, including the Indiana crime victim's statute. The motion contains rambling statements concerning issues addressed in his brief, as well as additional unintelligible arguments. Among other things, he alleges that he is a "private attorney general" bringing his lawsuit because it is in the interest of and benefits the general public, and he requests $89,601 in fees. . . . There is absolutely no evidence of bad faith on the part of the Lake County Defendants that would support an award of fees to Holland

pursuant to Rule 66(E), and Holland points to none. In fact, in an order issued the same day as its motion denying Holland's motion to set aside, the trial court found that Holland's "filings have been frivolous, without merit and have been abusive." Appealed Order, p. 21. Moreover, Indiana does not recognize the "private attorney general" exception to the American Rule regarding attorney fees. *State Bd. of Tax Comm'rs v. Town of St. John*, 751 N.E.2d 657 (Ind. 2001). Therefore, we deny, here and by separate order, Holland's request for fees.

*Id.* at 16-17.

[4] While the appeal was pending, Defendants filed a motion for attorney fees pursuant to Ind. Code S34-13-3-21 on May 15, 2019. On November 25, 2019, the trial court entered an order granting Defendants' motion and assessed attorney fees against Holland in the amount of $38,970.

[5] On December 26, 2019, Holland filed a motion titled "Verified Motion to Correct Errors, Set Aside (The 11/25/2019 Order Granting Sanctions) Reverse All Judgments, and Grant Sanctions for the Plaintiff Against the Defendants." Appellees' Appendix Volume II at 38-45. On January 9, 2020, Holland filed a notice of appeal which listed the dates of the appealed orders as November 25, 2019, December 13, 2018, and August 17, 2018. On February 4, 2020, Defendants filed a motion to dismiss Holland's appeal. On March 12, 2020, the trial court denied Holland's December 26, 2019 motion. On March 13, 2020, we granted Defendants' request to dismiss Holland's attempted appeal of the trial court's August 17, 2018 and December 13, 2018 orders and dismissed that portion of the appeal with prejudice. We denied Defendants' request to dismiss Holland's appeal of the trial court's November 25, 2019 order.

## *Discussion*

[6] Before addressing Holland's argument, we observe that although he is proceeding *pro se*, such litigants are held to the same standards as trained attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *See Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014).

[7] Holland phrases his first issue as "[w]hether the fraud perpetrated on the court by the defendants, refusal to establish status, failure to established personal and subject matter jurisdiction and the complete lack of due process . . . renders the August 17, 2018 Order of Dismissal with prejudice converted to summary judgment without any hearing and the November 25, 2019 Ancillary Order of Sanctions void." Appellant's Brief at 5. He phrases his second issue as whether he was entitled to summary judgment and his third issue as whether he should be granted sanctions "for the Associate Defendants Fraud, Frivolous Filings and the use of the Lake County Government Building Enterprise organized criminals manipulation of the legal process in the litigation of this case pursuant to Appellate Rule 66(E)." *Id.*

[8] To the extent Holland fails to develop cogent argument or cite to the record, his claims are waived. *See* Ind. Appellate Rule 46(A)(8)(a) (argument must be supported by cogent reasoning and citations to authorities and the record); *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (argument waived for failure to provide cogent argument), *reh'g denied, trans. denied*.

[9] With respect to the November 25, 2019 order, Holland asserts that there is no genuine issue of a material fact and [he] is entitled to summary judgment," and "[t]herefore, the November 25, 2019, Order of Sanctions based upon ancillary jurisdiction is void." Appellant's Brief at 29. He also contends that "[t]he Porter County Circuit Court Lacked Personal and of [sic] Subject Matter Jurisdiction to hear and decide ancillary sanctions of attorney's fees brought against the Plaintiff, a Moorish American National when there was no contract and no violation of the 1787 Moroccan Treaty of Peace and Friendship." *Id.* at 30. He asserts that the "issue of attorney's fees was not covered and decided by the August 17, 2019 judgment and order" and "[t]his is a pre-requisite to an attorney fee sanction." *Id.* at 31. He also argues that more than sixty days passed after the August 17, 2018 order before Defendants requested attorney fees on May 15, 2019, and thus the trial court was without jurisdiction and the judgment was void pursuant to Ind. Trial Rule 60(B)(6).

[10] With respect to Holland's assertion that the grant of Defendants' motion for attorney fees was improper because it was filed more than sixty days after the August 17, 2018 order, we note that he cites Ind. Trial Rule 60(B) and *R.L. Turner Corp. v. Town of Brownsburg*, 949 N.E.2d 372 (Ind. Ct. App. 2011), *vacated in part by* 963 N.E.2d 453 (Ind. 2012). The Indiana Supreme Court held that "[a] petition for fees does not disturb the merits of an earlier judgment or order, so it does not implicate Indiana Trial Rules 59(C) or 60(B)" and "[a]s such, none of those respective time limits govern a petition for attorneys' fees." *R.L. Turner Corp.*, 963 N.E.2d at 459-460.

Ind. Code § 34-13-3-21 provides in part:

> In any action brought against a governmental entity in tort, the court may allow attorney's fees as part of the costs to the governmental entity prevailing as defendant, if the court finds that plaintiff:
>
> > (1) brought the action on a claim that is frivolous, unreasonable, or groundless;
> >
> > (2) continued to litigate the action after plaintiff's claim clearly became frivolous, unreasonable, or groundless; or
> >
> > (3) litigated its action in bad faith.

Defendants assert that all prerequisites existed for the assessment of attorney fees, Holland filed his lawsuit on November 20, 2017, even though the same lawsuit was already litigated in federal court and dismissed with prejudice, he continued to file affidavits and motions following the court's August 17, 2018 order, and his unrelenting filings merely reasserted claims that had been previously characterized in federal court as fantastic and delusional. Holland has failed to develop a cogent argument on his claims.

With respect to Holland's request for sanctions pursuant to Ind. Appellate Rule 66(E), he asserts Defendants filed a "frivolous false, deceptive and misleading motion to dismiss knowing the date of filing of the complaint" and filed a frivolous motion for sanctions. Appellant's Brief at 45. This Court is authorized to assess damages if an appeal "is frivolous or in bad faith," and such damages "shall be in the Court's discretion and may include attorneys' fees." Ind. Appellate Rule 66(E). A strong showing is required to justify an

award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious. *Bessolo v. Rosario*, 966 N.E.2d 725, 734 (Ind. Ct. App. 2012), *trans. denied*. To prevail on his request, Holland must show that Defendants' arguments on appeal are "utterly devoid of all plausibility." *See id.* Holland has failed to do so.

[14] For the foregoing reasons, we affirm the trial court and deny Holland's request for appellate attorney fees.

[15] Affirmed.

Robb, J., and Crone, J., concur.